## BISHOP v MILEY

Ohio Appeals, 3rd Dist, Henry Co

No 202. Decided Feb 6, 1929

James P Ragan, Napoleon, for Bishop.
George S May, Napoleon, for Miley.

JUSTICE, J.

One of the errors assigned relates to the sufficiency of the evidence.

There is evidence tending to prove the material allegations of the petition.

**Painesville Utopia Theatre Co. v. Lautermilch, 118 O. S. 167.**

**Dean v. King, 22 O. S. 118, 134.**

Applying the law as enounced in the above mentioned case to the facts in this case, as disclosed by the record, it becomes at once apparent that this assignment of error is not well taken.

Another claimed error is, that the trial judge erred in the admission and rejection of testimony.

One Frank Winemiller was called as a witness for the plaintiff. We quote from page 63 of the record:

"Q. Now then from the position of the Bishop car there as you observed it at that time, and from all the indications there, as you observed them, you may state whether or not Mr. Bishop had turned his car to the left before he reached the intersection of the Dunzer road?

Mr. Ragan:-We object.

The Court:-Overruled.

Mr. Ragan:-Exception.

A Yes sir."

This was wrong. One of the alleged grounds of negligence was violation of a rule of traffic. It was the plaintiff's contention that defendant had turned his automobile to the east seven feet north of the intersection. It was the defendant's contention that he turned his automobile on the right of the intersection. Obviously the question called for an opinion of the witness on one of the questions at issue. What the witness Winemiller saw was competent evidence but it was within the exclusive province of the jury to say whether the facts as depicted by him, warranted the conclusion that the defendant turned his automobile too soon. **Fowler v. Delaplain, 79 OS. 279. Railroad Company v. Schultz, 43 OS. 270.**

On page 109 of the record, in the cross examination of Oral Lieb, we find the following:

"Q. Did you file an action on this collision against the defendant Joseph Bishop?

Mr. Prentiss:-We object.

The Court:-Sustained.

Mr. Donavan:-We except, and we expect the witness to answer if permitted that he did."

Again, on pages 118 and 119 of the record, in the cross examination of Marian Miley, we find the following:

"Q. You have an action in this court brought by Joseph Miley your father and your next friend for the injuries you received in this same collision have you not?

Mr. Prentiss:-We object.

The Court:-The objection is sustained.

Mr. Ragan:-We except and I expect the question, if permitted, will be answered that he has a case pending in this court wherein he the witness is the plaintiff and brought by his next friend Joseph Miley the plaintiff in this case, as his next friend against this defendant Joseph H. Bishop for injuries that he the witness received in this same accident to which he has testified."

This was wrong. Counsel for defendant had the right to show the interest if any, that Oral Lieb and Marian Miley had in the outcome of the case at bar. Counsel by these questions were endeavoring to test the credibility of these witnesses.

In admitting and rejecting said testimony the trial court committed reversible error.

The third claimed error pertains to a certain special request submitted by counsel for plaintiff and given by the trial judge before argument. We quote the request.

"I charge you that under the law the plaintiff is not responsible for and can not be charged with negligence if you should find there was any negligence on

the part of the driver of the machine in which the plaintiff was riding as a passenger."

This was wrong. Although plaintiff was not chargeable with the driver's negligence, if any there was, there being no evidence to prove joint enterprise,- **The New York Central & St. Louis R. R. Co. v Kissler, 66 OS. 326; Moore v. Almendinger, 15 Ohio Appellate, 503.**—still plaintiff was answerable for his own negligence, if any, which directly or proximately contributed to his injuries, and that too notwithstanding the driver's negligence, if any there was.

This error was prejudicial to the defendant and requires a reversal of the judgment.

Holding these views, it follows that the judgment of the court of common pleas should be reversed and the cause remanded.

Before Judges Crow, Hughes and Justice.